

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
XXXXXXXXXXXN
ATTORNEY GENERAL

*Overruled by V-398
Jerrell v. Jerrell
189 S.W. (2d) 877*

Hon. J. D. Looney
County Auditor
Boston, Texas

Dear Sir:

Opinion No. 0-5704
Re: Whether conversion into cash of U.S.
Government bonds owned by an estate,
gives rise to "actual cash receipts"
upon which the county judge would
be entitled to a commission of one-
half of one per cent under Article
3926, R.C.S.

Your letter or March 31, 1944, requesting the opinion of this department upon the above stated question reads as follows:

"Since receipt of your Opinion No. 0-5654, dated November 8, 1943, written by Mr. J. Arthur Sandlin, and approved by you as First Assistant Attorney General, construing Art. 3926 RCS as applied to the facts submitted by me relative to commissions of County Judge on liquidating dividends in the amount of $255,659.80 as reported by Mrs. Helen Seeger, Administratrix of the Estate of W. J. Buchanan, Deceased, a further question has arisen with respect to the applicability of the County Judge's commissions under Art. 3926 to U. S. Government Bonds which were sold by the Administratrix in order to pay Federal Estate taxes and Texas Inheritance taxes.

"The Administratrix sold U.S. Government Bonds to the amount of $3,136,069.14 in order to raise money to help pay Federal Estate taxes and Texas Inheritance taxes. These bonds were sold without getting an order of the Court, but are reported in Exhibit B of the first annual accounting of the Administratrix under Capital Receipts along with seven other items of cash receipts. A copy of Exhibit B is attached hereto.

"Counsel for the Administratrix now contends that cash receipts from the sale of these bonds is not subject to one-half of one per cent commission for the County Judge under Art. 3926 RCS because said bonds were

sold for the purpose of raising money to help pay taxes, and further because counsel claims the U.S. Government held a lien on said bonds for the payment of said taxes.

"Your opinion No. 0-5654, as above referred to, is a very comprehensive one, and under this opinion it is my contention and also that of the County Judge that said commission is applicable to cash receipts realized from the sale of these bonds as set out above, regardless of whether they were sold to pay taxes or whether or not the U. S. Government had a lien on them for the payment of taxes.

"The County Judge's commission has already been paid by the Administratrix on all items shown under Capital Receipts and Income Receipts of the attached copy of Exhibit B of the aforementioned annual account, with the exception of the item checked in red, which is the item of cash received from the sale of Government bonds for the purpose of paying taxes. The County Judge has withheld his commission on this item awaiting a further opinion from you as to the applicability of this commission.

"I shall appreciate it very much if you will give me your further opinion as to whether or not one-half of one per cent commission can legally be assessed by the County Judge on the item under Capital Receipts of 'Bonds sold to pay taxes in the amount of $3,136,069.14.'"

The commissions allowed the county judge under Article 3926 are upon "the actual cash receipts of each executor, administrator, or guardian, upon the approval of the exhibits, and the final settlement of the account . . . ."

It is well settled that cash on hand or in the bank at the death of the testator is not "actual cash receipts" within the meaning of the above statute, and no commission accrues thereon in favor of the county judge. 25 Tex. Jur. 260; Willis v. Harvey, 26 S.W. (2d) 288, error refused. In our opinion No. 0-5654, written in answer to an earlier inquiry from you, we held that "when, in the course of an administration, part of the corpus of the estate is converted into cash, the county judge is entitled to a commission on the amount of such cash." The answer to your present inquiry, therefore, turns upon the question of whether U.S. Government bonds owned by an estate represent "cash on hand" prior to their conversion into money.

Our opinion No. 0-5654 held in effect that corporate stock did not become "cash" until its conversion into money.

Although the decisions are not unanimous, we believe the weight of authority supports a holding that U. S. Government bonds likewise cannot be considered as "cash" until they are converted into money. In re Keel's Estate, 25 P. (2d) 806, (N.M.); In re Chamberlain's Estate, 115 P. (2d) 235, on second appeal, 132 P. (2d) 488 (California District Court of Appeal); Mann, 7 Am. Dec. 416; State v. Darby, 165 S.W. (2d) 419 (Mo.); Neufield v. U.S., 118 F. (2d) 375; Coulter v. State, 39 S. W. 576 (Tex. Cr. App.); Simpson v. Goggin, 5 S.W. (2d) 610 (Tex. Civ. App.) (holding that checks by persons or corporations are not "cash"). See also Willis v. Harvey, supra, wherein it is stated: "It is thought the term 'actual cash receipts' should be held to specifically describe <u>money</u>. . . ."

We do not regard as persuasive the fact that the U.S. Government had a lien on the bonds, and that the purpose of selling the bonds was to pay Federal and State taxes. A lien exists in favor of the U. S. Government on all estates of decedents on which estate taxes are due, and to hold that this avoided the obligation to pay commissions would deprive the county judge of his commissions in all exceptionally large estates. In our opinion the language of Art. 3926 fails to support such a construction. With reference to the raising of the money to pay taxes contention, we call attention to our opinion No. 0-811, wherein we held that the county judge was entitled to his commission on money borrowed by the executor to pay the claims against the estate. Further, in a case wherein an administrator carried on a road construction contract of a decedent, Judge Powell of the Commission of Appeals said:

> "The court seems to lay much stress on the fact that as soon as the counties paid the administrator for the road work, the latter had to pay it out in expenses connected with the construction of the road. <u>We do not think the time or manner of its disbursement has anything to do with the fees of the county judge</u> since he, unlike executors and administrators, receives no compensation on disbursements."

This decision allowed a commission to the judge on these receipts. Goodwin v. Downs, 280 S.W. 512.

From the foregoing, it follows that we are of the opinion that the sale of the bonds represented the conversion of assets of the estate into "actual cash receipts," and the county judge is entitled to his statutory commission thereon.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/J. Arthur Sandlin
         J. Arthur Sandlin
         Assistant

JAS:AMM:wc

APPROVED APR 22, 1944
s/Geo. P. Blackburn
(Acting) ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman